(40 Misc. Rep. 264.)

## HOYT v. EASTON.

(Supreme Court, Special Term, New York County.    March, 1903.)

1. LAW PARTNERSHIP—DISSOLUTION—RETURN OF PREMIUM.
    Where a young lawyer, on payment of a bonus, is taken in as a
    partner by a lawyer of experience, who thereafter excludes him from
    the knowledge of the details of the business and treats him with dis-
    courtesy, an action for a dissolution will lie, in which the court may
    award the young lawyer a judgment for the bonus, the senior partner
    to retain pro tanto for the time elapsed, and the remainder to be repaid
    to the junior partner.

Action by George W. Hoyt against John T. Easton.    Judgment for
plaintiff.

Baldwin & Slater (Arthur J. Baldwin, of counsel), for plaintiff.
John T. Easton, in pro. per.

BLANCHARD, J.    The plaintiff and defendant are members of
the bar of this state, and on or prior to January 1, 1900, entered
into an agreement for the formation of a partnership for the practice
of law.    The defendant made certain representations to the plaintiff,
who was a young and inexperienced member of the bar, as to
the extent of his (the defendant's) practice, and plaintiff paid to de-
fendant, in the shape of a bonus or premium, for the privilege of
being taken into partnership with the defendant, the sum of $4,000,
$2,000 of which was in cash, and $2,000 in notes indorsed by the
plaintiff.    The plaintiff asks judgment for a dissolution of the part-
nership, and for the return of the sum which he paid to the defendant.
The defendant contends, in the first place, that this action is not one
properly cognizable in equity, claiming it is simply an action to recover
a sum of money.    In this I think he is in error.    An action for a
partnership dissolution is a most familiar ground of equitable juris-
diction.    If the dissolution be determined to be proper, the money
judgment may follow, but it follows only through the exercise of the
equitable jurisdiction in ascertaining that the partnership should be
dissolved.    Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y.
492, 66 N. E. 395.

I come next to a consideration of whether or not the plaintiff has
sustained his contention that a dissolution of the partnership is proper,
and I have reached the conclusion that he has.    The plaintiff was
known to the defendant to have had but little experience in the prac-
tice of law.    He came into the defendant's office as a stranger, not
familiar with the defendant's methods of doing business nor with the
workings of his office.    It is quite evident that almost from the start
the treatment accorded the plaintiff by the defendant was not such
as it should have been between two persons bearing the relationship
of partners.    Certain it is that in the month of April following the
formation of the partnership the relations between the partners had
grown so strained that the continuance of the partnership became a
farce.    It could not continue, and the plaintiff terminated it by leaving.
The question to be determined is, who was at fault?    It would serve
no useful purpose to enter into a discussion of the details of the life of

this partnership. Between partners there should be confidence. There was none here. The defendant treated the plaintiff with but scant courtesy. The defendant concedes he may have spoken harshly to the plaintiff, but claims he was justified. I do not think so. Defendant should have considered plaintiff's inexperience. The defendant, possessing the clientele, the knowledge of the law, and the workings of the office, failed to bestow any confidence in the plaintiff, and failed to put him in possession of the details of the office, which might have made him a useful member of the partnership and a colaborer in the work of the partnership. In my judgment the defendant was at fault, and a dissolution should be decreed.

The plaintiff in this case waives any right to an accounting which he may have, and asks in lieu thereof for the return of a proportionate amount of the bonus or premium which he paid to the defendant upon entering into the partnership. I am referred to no American authority where a return of a proportionate amount of the premium has been decreed upon a dissolution of the partnership. The principle has been worked out quite thoroughly in England, and is there well recognized, and I see no reason why it should not be adopted by our courts of equity. It is in accordance with the justice of a situation such as is presented in the present case. A premium of $4,000 was paid by the plaintiff to the defendant in consideration of the defendant entering into a partnership with the plaintiff for a period of five years. It is true, plaintiff claimed that defendant made certain representations as to the extent of his income from his practice, and that these were falsely and fraudulently made, but I find no proof to warrant this contention. The premium must, however, be assumed to have been paid in expectation of the continuance of the partnership for the term agreed upon, and where, as here, the expected benefit was not realized through the fault of one of the partners, and the other partner finds it necessary to terminate the partnership because thereof, and is justified in so doing, it would be inequitable to permit the partner at fault to retain the premium paid to him. The subject is well treated in Lindley on Partnership (page 65 et seq.), and the notes to the second American edition will be found to contain the English authorities on the subject. It is there said:

"If a person receives a premium for taking another into partnership, which is to endure for a certain time, and then himself does anything which determines the partnership before that time has elapsed, he may be fairly considered as having precluded himself from insisting on his strict right to retain or be paid his whole premium."

And again (at page 68):

"The tendency of modern decisions is to apportion the premium in these cases, not only where neither partner is to blame, but, a fortiori, where the partner receiving the premium has so misconducted himself as to give the partner paying it a right to have the partnership dissolved."

As to the amount to be returned (page 69):

"The rule generally adopted is to apportion the premium with reference to the agreed and actual duration of the partnership."

See also Bates, Part. § 802. The partnership endured for but one-fifteenth of the time agreed upon, and I therefore conclude that plaintiff is entitled to the return of fourteen-fifteenths of the premium paid.

Ordered accordingly.